UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
CHIEF MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

December 21, 2023

LETTER TO COUNSEL:

RE: *Kevin S. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
Civil No. TJS-22-2659

Dear Counsel:

On August 23, 2019, Plaintiff Kevin S. petitioned this Court to review the Social Security Administration's final decision to deny his claim for disability insurance benefits ("DIB"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 11 & 13. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties (ECF Nos. 11, 13 & 15), I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

Kevin S. filed his application for DIB on August 23, 2019. Tr. 12. He alleged a disability onset date of September 20, 2018. *Id.* His application was denied initially and upon reconsideration. *Id.* He requested a hearing and thereafter appeared before an Administrative Law Judge ("ALJ") on April 2, 2022. *Id.* In a written decision dated March 2, 2022, the ALJ found that Kevin S. was not disabled under the Social Security Act. Tr. 12-30. Kevin S. now seeks review of the ALJ's decision.

The ALJ evaluated Kevin S.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Kevin S. has not engaged in substantial gainful activity during the period from his alleged onset date of September 20, 2018, through his date last insured of March 31, 2021. Tr. 15. At step two, the ALJ found that Kevin S. suffers from the following severe impairments: interstitial lung disease, diabetes, bilateral retinopathy/epiretinal membrane/vitreous hemorrhage/macular edema, and tractional right retinal detachment; depression/major depressive disorder; and mood (affective) disorder. *Id.* At step three, the ALJ found that Kevin S.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1

---

[1] This case was originally assigned to Judge Brendan A. Hurson. On July 10, 2023, it was reassigned to me.

("Listings"). Tr. 15-19. The ALJ determined that through his date last insured Kevin S. retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He could never climb ladders, ropes, and scaffolds. He must have avoided concentrated exposure to extreme cold, concentrated exposure to extreme heat, concentrated exposure to wetness, concentrated exposure to humidity, concentrated exposure to excessive vibration, concentrated exposure to pulmonary irritants such as fumes, odors, dust, gases, and poorly ventilated areas, and concentrated exposure to hazardous moving machinery and unprotected heights. The claimant was limited to occupations requiring only frequent near acuity and far acuity. The claimant was limited to simple, routine, and repetitive tasks in a low-stress work environment (with low-stress defined as no strict production quotas, no assembly line pace work). The claimant could occasionally interact with supervisors, co-workers, and the general public. Changes in work duties have been introduced gradually.

Tr. 19.

At step four, the ALJ determined that Kevin S. was capable of performing past relevant work as a housekeeping cleaner. Tr. 28. On this basis, the ALJ concluded that Kevin S. was not disabled under the Social Security Act. *Id.* Alternatively, at step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Kevin S. could perform, including bagger, folding machine operator, and stuffer. Tr. 29. Accordingly, the ALJ found that Kevin S. was not disabled under the Social Security Act. *Id.*

Kevin S. argues that the ALJ did not comply with *Mascio*, 780 F.3d at 632. After a careful review of the ALJ's opinion and the evidence in the record, I find that the ALJ did not adequately explain why Kevin S.'s moderate limitations in concentration, persistence, and pace could be accommodated by the limitations contained in the RFC, or why no limitations were necessary. Accordingly, I conclude that the ALJ's decision does not comply with *Mascio* and will remand this case on that basis for further explanation.

In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* Where an ALJ finds that a claimant has limitations in concentration, persistence, and pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.*

As part of the step three analysis, the ALJ found that Kevin S. has moderate limitations in the functional area of concentrating, persisting, or maintaining pace. Tr. 14. The ALJ explained:

> With regard to concentrating, persisting or maintaining pace, the claimant had a moderate limitation. The claimant reported problems completing tasks and indicated during movies he started to focus on other things. At times, his attention span and concentration were described as impaired. Additionally, at times his thought process was circumstantial or guarded. However, during other exams, the claimant's thought process was logical and goal directed. Additionally, his attention span and concentration were intact during several exams. Accordingly, the claimant had no more than a moderate limitation in this area of functioning.

Tr. 18.

Despite the ALJ's finding that Kevin S. had moderate limitations in concentrating, persisting, or maintaining pace, the ALJ incorporated no limitations into the claimant's RFC to account for these limitations, or explain why they do not "translate into [such] a limitation." *Mascio*, 780 F.3d at 638. The ALJ's RFC formulation limits Kevin S. to work consisting of light work (with additional exertional limitations) consisting only of "simple, routine, and repetitive tasks in a low-stress work environment (with low-stress defined as no strict production quotas, no assembly line pace work)." Tr. 19. These limitations may address Kevin S.'s ability to perform simple tasks, but they do not account for his limitations sustaining concentration, persistence, and pace on a full-time basis. The ALJ did not explain how, in his view, these limitations account for Kevin S.'s moderate difficulties in maintaining concentration, persistence, and pace, or why additional restrictions were unnecessary.

Without an explanation by the ALJ, the Court is left to speculate on how the RFC accounted for Kevin S.'s difficulties in these areas. If the RFC limitations are meant to address Kevin S.'s difficulties in concentration, persistence, and pace, the absence of any explanation makes it impossible for this Court to conduct the necessary review. Alternatively, if the ALJ did not believe any limitations were necessary to account for Kevin S.'s difficulties in maintaining concentration, persistence, and pace, the decision does not say so. Without the necessary explanation by the ALJ, the Court is unable to determine whether the ALJ's decision is supported by substantial evidence. *Mascio* requires more than what the ALJ's decision provides.

The Acting Commissioner cites *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020) to support its argument that the ALJ's decision complies with *Mascio*. *Shinaberry* is distinguishable from this case. In *Shinaberry*, the ALJ actually explained why the claimant's moderate limitations in concentration, persistence, and pace did not translate into a limitation in the RFC. *Id.* at 121-22 ("Here, the ALJ discussed in detail the psychological evaluations . . ., as well as Shinaberry's adult function report, and sufficiently explained why the mental limitation to simple, routine, and repetitive tasks accounted for [the claimant's] moderate limitations in concentration, persistence, and pace."). In contrast, the ALJ's decision here does not explain why Kevin S.'s moderate difficulties in concentration, persistence, and pace do not translate into a limitation in the RFC.

Without a clear and specific explanation as to how the RFC accounts for Kevin S.'s difficulties in concentration, persistence, and pace (or why no such limitations are necessary), the Court is unable to properly review the ALJ's decision. Accordingly, the case will be remanded for further proceedings.

For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 11 & 13) are **DENIED**. Pursuant to sentence four of 42 U.S.C. §405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Sincerely yours,

/s/

Timothy J. Sullivan
Chief United States Magistrate Judge